By the Court.
The plaintiff in error, Gus Dering, brought an action for personal injury against the city. In his second amended petition he alleged that the city, being the owner and occupier of certain lands, had maintained as a way a *95 certain footbridge constructed over a gully, and that this footbridge became out of repair to the knowledge of the city; that because of the city’s negligence in allowing the footbridge to become out of repair, and because of its failure to light and guard the same properly, he sustained the injury for which he sought damages.
The city admitted the existence of the bridge and the ownership of the land upon which it was built. It denied every other allegation in the plaintiff’s second amended petition. At the close of plaintiff’s testimony, on motion of the city, the trial court directed a verdict for the defendant and rendered judgment accordingly. This judgment' was affirmed by the court of appeals, and error is now prosecuted to this court.
Before the .city can be held liable, both pleading and proof must show an obligation due the plaintiff on the part of the city, which has been violated. The plaintiff’s pleading charged the city with maintaining a footbridge. At this point there was a fatal variance between the pleading and the proof, for there was no showing that the city had ever maintained this footbridge ás a part of its public ways. It was developed by the evidence of the plaintiff that the land in question was acquired by the city as a part of its boulevard and park system. In the vicinity of the bridge the land was still in its natural state, wild and unimproved. It is disclosed by the plaintiff’s testimony that after the acquirement of the property by the city the footbridge was constructed by certain residents of the vicinity. “The people in the neighborhood got the *96 lumber from somebody and built the bridge themselves.”
The theory of the plaintiff was that individuals may impose, upon the city an obligation for the care and maintenance of a footbridge by simply building it upon the city’s property for the neighborhood convenience. The mere statement of the proposition is wholly indefensible. The city cannot be saddled with a liability in this manner. The city did not build the footbridge. There was no act shown upon the part of the city accepting it and its burdens, nor any act by the city inviting the public to use it as part of its public highway system. City of Dayton v. Rhotehamel, Admr., 90 Ohio St., 175.
The trial court did not err in arresting the case from the jury. The judgment of the court of appeals is affirmed.

Judgment affirmed.

Marshall, C. J., Johnson, Hough, Robinson, Jones and Matthias, JJ., concur.